UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:

Spiech Farms, LLC

    Debtor

_____/

Case No. 17-05398
Chapter 11 – Filed 11/22/2017

PRODUCE PAY, INC.,

    Appellant,

v.

SPIECH FARMS, LLC,

    Appellee.

_____/

Case No. 18-01366

### PRODUCE PAY'S RESPONSE IN OPPOSITION TO SPIECH FARMS, LLC'S RENEWED MOTION TO EXTEND DEADLINE TO FILE APPELLEE'S BRIEF AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Produce Pay, Inc. (hereinafter "*Produce Pay*"), by and through its undersigned counsel, hereby submits its Opposition to Spiech Farms, LLC's (hereinafter "*Appellee*") Renewed Motion to Extend Deadline to File Appellee's Brief [PageID.4825] (hereinafter *Motion to Extend Time*"). In support of its objection, Produce Pay states as follows:

### PROCEDURAL HISTORY

1.    On December 4, 2018, Produce Pay filed a notice of appeal from five (5) of the Bankruptcy Court's October 18, 2018 orders in addition to the three (3) orders issued by the Court on November 20, 2018 [PageID.1].

2. On January 16, 2019 the Appellate Court entered the schedule for filing briefs requiring Produce Pay, the Appellant, to file its brief on February 15, 2019 and requiring Appellee to file its brief thirty days after service of Produce Pay's brief. [PageID.3297].

3. Because Produce Pay filed its Appellant's Brief on February 15, 2019, Appellee's Brief is due no later than March 16, 2019 (i.e. within four business days).

4. Produce Pay's Reply Brief is due within 14 days after service of Appellee's Brief or on or before April 1, 2019. Fed. R. Bankr. P 1808(a)(3).

5. Although Parties have requested oral argument, it remains in the discretion of the Court, and no oral argument has been scheduled at this time. Fed. R. Bankr. P. 8019.

6. On March 7, 2019 the United States Trustee filed a Motion for Dismissal of Appellee's Chapter 11 bankruptcy case [Case No. 17-05398, D.E. #606] (hereinafter the "*Motion to Dismiss*").

7. The Bankruptcy Court set a hearing on the Motion to Dismiss for April 9, 2019 [Case No. 17-05398, D.E. #607].

8. In response to the Trustee's Motion to Dismiss, on March 8, 2019, Appellee withdrew its First Amended Plan of Reorganization and Disclosure Statement [Case No. 17-05398, D.E. #607], and filed a competing Motion to Convert the Chapter 11 Case to a Chapter 7 on March 11, 2019 [Case No. 17-05398, D.E. #607] (hereinafter "*Motion to Convert*").

9. The same day, March 11, 2019, four business days before Appellee's deadline to file its Brief, Counsel for the Committee of Unsecured Creditors emailed to counsel for Produce Pay asking for a stipulation for an extension of 21 days following the date the Chapter 7 Trustee is appointed. Counsel for Produce Pay declined to consent to the extension of time. A true and

correct copy of the March 11, 2019 email thread from Committee Counsel to Produce Pay's Counsel is attached hereto as *Exhibit A*. [1]

10. On March 12, 2019, Appellee filed its Motion for Extension of Time to File, which asked for yet a different time frame, 14 days after the hearing date on the Motion to Dismiss [PageID.4825].

## SUMMARY OF THE ARGUMENT

There are two substantive reasons that Appellee's Motion to Extend Time should be denied. First, Appellee has failed to show good cause for which the Court should extend the deadline pursuant to Fed. R. Bankr. P. 9006(b)(1) and Fed. R. Bankr. 8013(a)(2)(A). Specifically, the Appellee's requested relief is based only on the anticipation of the appointment of a Trustee stemming from the Appellee's own Motion to Convert with no other stated basis for delay. Second, the Appellee's requested relief is unduly prejudicial to Produce Pay and constitutes nothing more than a unjustifiable delay of the appellate proceedings.

## ARGUMENT

### I. APPELLEE FAILED TO MEET ITS BURDEN OF SHOWING CAUSE FOR EXTENDING THE DEADLINE

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure states

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion… order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…

---

[1] Additionally, Appellee has been disingenuous in its conference with Counsel for Produce Pay in this matter. Appellee has asserted two different time periods as its request for relief to the Court. Neither of these time periods were included in the email correspondence Committee Counsel presented to Produce Pay's Counsel. *See* Exhibit A. Therefore, it is disingenuous for Appellee to confirm to the Court that they conferred with Produce Pay's Counsel regarding the request for relief asserted.

Fed. R. Bankr. P. 9006(b)(1). In the context of an appeal, Rule 8013(a)(2)(A) of the Federal Rules of Bankruptcy Procedure requires a motion to "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. Bankr. P. 8013(a)(2)(A).

In this case, Appellee has not shown good cause for its request to extend the deadline to file its Brief pursuant to Fed. R. Bankr. P. 9006(b)(1) and has wholly failed to state any legal grounds or include any legal argument in support of its request for relief as required by Fed. R. Bankr. P. 8013(a)(2)(A). In its Motion to Extend Time, Appellee's sole basis for relief is its own Motion to Convert and the *possibility* of the appointment of a Chapter 7 Trustee. *See* PageID.4825, ¶¶1-2. To be clear, Appellee used its own filing to fabricate a basis for or otherwise justify an extension of time. A self-imposed docket conflict three days before Appellee was due to file its Brief is an inappropriate basis for relief from a deadline that has been in place for *nearly two months*. Appellee asserts no other cause or basis to justify its requested delay, and provides no legal or evidentiary support for its request.

Further, Appellee wholly ignores the Chapter 11 Trustee's pending Motion to Dismiss. Importantly, the Bankruptcy Court set the hearing for Trustee's Motion to Dismiss and Appellee's Motion to Convert for April 9, 2019. Against that backdrop, Appellee's Brief is due March 16, 2019. Produce Pay's Reply Brief would be due no later than April 1, 2019. Under the current Scheduling Order, the instant Appeal will be fully briefed and submitted to this Honorable Court for decision on *April 1, 2019*.

As stated above, the Bankruptcy Court will not consider either the Trustee's Motion to Dismiss or Appellee's Motion to Convert any earlier than April 9, 2019. Simply put, Appellee must survive the Trustee's Motion to Dismiss in order to obtain relief of conversion. In light of

the competing motions, it is unknown whether a Trustee will even be appointed. If Appellee does not survive the Motion to Dismiss, no Chapter 7 Trustee will be appointed. Thus, Appellee's basis for its request for additional time to file (i.e., the potential appointment of a Ch. 7 Trustee) is speculative and may never come to fruition. Therefore, Appellee has failed to show cause or provide any support for an extension of time to file its Appellee's Brief, and Appellee's Motion to Extend is due to be denied.

## II.    APPELLEE'S REQUESTED RELIEF WILL CAUSE UNDUE PREJUDICE TO PRODUCE PAY

As stated above, Appellee's Motion to Extend Time is nothing more than a premature assumption that it will defeat the Trustee's Motion to Dismiss, thereby causing conversion to a Chapter 7, and appointment of a Chapter 7 trustee. As a direct result, Appellee's Motion to Extend will not serve any purpose other than to delay the appeal proceedings and it could also place the progression of this appeal in limbo in the event that no trustee is ultimately appointed. Such undue delay and potential uncertainty is highly prejudicial to Produce Pay.

Furthermore, on March 11, 2019, Appellee filed a preference claim against Produce Pay in the Chapter 11 case. The outcome of the instant appeal will directly affect the availability or unavailability of certain defenses and avoidances to Appellee's claims against Produce Pay. As such, the outcome of the appeal is inextricably intertwined with the outcome of the Appellee's newly filed preference action. Stated differently, the resolution of the instant appeal could eliminate the need for further litigation on the matters raised in Appellee's preference action. To permit the Appellee to delay the instant appeal while forcing Produce Pay to respond to the newly filed preference action is highly prejudicial and reeks of brinksmanship.

Produce Pay has complied with the brief filing deadlines including providing notice of the appeal, designating the record, and preparing and filing its Appellant's Brief. It is not

unreasonable to require the same of the Appellee three days out from its current deadline. Appellee has had ample time to prepare its Appellee's Brief, and has asserted no viable cause for its requested delay.

As stated above, Appellee used its own filings to fabricate the basis for its Motion to Extend. On one hand, Appellee filed a Motion to Convert to form the basis for its request to extend time, and on the other hand, it filed a preference action against Produce Pay to ensure the unavailability of certain defenses and avoidances in connection with Produce Pay's defense. As such, Appellee also manufactured significant portions of the very prejudice Produce Pay would suffer should the instant case be delayed. Lastly, there is zero harm or prejudice to the Appellee if its Motion to Extend is denied. Therefore, Appellee's Motion to Extend Time is due to be denied for want of cause and the presence of undue prejudice to Produce Pay.

FOR THE FORGOING REASONS, Produce Pay objects to Appellee's Motion Extend Deadline to File Appellee's Brief and respectfully requests that this Honorable Court enter an order denying the same.

DATED: March 13, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jason R. Klinowski

　　　　　　　　　　　　　　　　　　　　Jason R. Klinowski, Esq.
　　　　　　　　　　　　　　　　　　　　WALLACE, JORDAN, RATLIFF &
　　　　　　　　　　　　　　　　　　　　BRANDT LLC
　　　　　　　　　　　　　　　　　　　　800 Shades Creek Parkway, Suite 400
　　　　　　　　　　　　　　　　　　　　Birmingham, Alabama 35209
　　　　　　　　　　　　　　　　　　　　Phone: (205) 874-0371
　　　　　　　　　　　　　　　　　　　　Fax: (205) 874-3287
　　　　　　　　　　　　　　　　　　　　jklinowski@wallacejordan.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Produce Pay, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Produce Pay, Inc.'s Response in Opposition to Spiech Farms LLC's Motion to Extend Time to File Appellee's Brief was filed with the Court and served upon all counsel of record properly registered with the Court's CM/ECF system this 13th day of March, 2019.

*Spiech Farms LLC*
Steven L. Rayman
Cody H. Knight
Rayman & Knight
141 E. Michigan Ave. Suite 301
Kalamazoo, MI 49007
Email: chk@raymanknight.com
courtmail@raymanknight.com

*U.S. Trustee*
Dean E. Rietberg
The Ledyard Building, 2nd Floor
125 Ottawa NW, Suite 200R
Grand Rapids, MI 49503
Email: dean.e.rietberg@usdoj.gov

*Chemical Bank*
Henry L. Knier, Jr.
P.O. Box 219
Bay City, MI 48707
Email: hkiner@smpklaw.com
bankruptcy@smpklaw.com

*Attorneys for the Official Committee of Unsecured Creditors*
Elisabeth M. Von Eitzen
Steven. B. Grow
Warner Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon Street
Grand Rapids, MI 49503
Email: evoneitzen@wnj.com
jnikodemski@wnj.com
sgrow@wnj.com
bpowers@wnj.com

*Conflicts Counsel for the Official Committee of Unsecured Creditors*
Robert F. Wardrop, II
Wardrop & Wardrop, P.C.
300 Ottawa Avenue, N.W., Ste 150
Grand Rapids, MI 49503
(616) 459-1225
Email: bkfilings@wardroplaw.com
bkrfilings@wardroplaw.com
bkwalfilings@wardroplaw.com

*Honor Credit Union*
Lana M. Escamilla
Escamilla & Salisbury, PLLC
7950 Moorsbridge Rd., Ste. 400
Portage, MI 49024
269-220-5658
lescamilla@esplawyers.com

*CHS Inc.*
John C. Arndts
Mika Meyers PLC
900 Monroe Avenue, N.W.
Grand Rapids, MI 49503
616-632-8028
jarndts@mikameyers.com

*Farmland Partners Inc.*
Thomas G. King
Kreis, Enderle, Hudgins & Borsos, PC
PO Box 4010
Kalamazoo, MI 49503
Tking@kehb.com

*Gladstone Land Corporation*
Wesley Todd
Vandervoot Christ and Fisher PC
70 W. Michigan, Suite 450
Battle Creek, MI 49017
269-965-7000

*Michigan Department of Agriculture and Rural Development*
Dannielle Allison-Yokom
Assistant Attorney General
Attorney for Michigan Department of Agriculture and Rural Development
Environmental, Natural Resources, and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
allisonyokomd@michigan.gov

*State of Michigan Unemployment Insurance Agency*
Zachary A. Risk
Assistant Attorney General
P.O. Box 30217
Lansing, MI 48909
RiskZ1@michigan.gov

*Donio Farms*
Eric A. Browndorf
Cooper Levenson, P.A.
1125 Atlantic Avenue- 3rd Floor
Atlantic City, NJ 08401
ebrowndorf@cooperlevenson

*/s/ Jason R. Klinowski*

Jason R. Klinowski, Esq.
*Counsel for Produce Pay, Inc.*